IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

PANOLA COUNTY, MISSISSIPPI BRANCH OF THE
NAACP, and ARRECE WEBB,
on behalf of themselves and all others similarly situated         PLAINTIFFS

VS.                                                CIVIL ACTION NO. 2:11cv43-M-S

PANOLA COUNTY, MISSISSIPPI BOARD OF SUPERVISORS;
PANOLA COUNTY, MISSISSIPPI DEMOCRATIC PARTY
EXECUTIVE COMMITTEE; PANOLA COUNTY, MISSISSIPPI
REPUBLICAN PARTY EXECUTIVE COMMITTEE; PANOLA
COUNTY, MISSISSIPPI BOARD OF ELECTION COMMISSIONERS;
and W. JOE REID, in his official capacity as Circuit Clerk         DEFENDANTS

and

JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF
MISSISSIPPI, *EX REL.* THE STATE OF MISSISSIPPI         INTERVENOR

## ORDER

A motion for TRO and preliminary injunction has been filed by plaintiffs in the above-entitled action. The court is not prepared to rule upon the motion at this juncture, but it does deem it appropriate to state its initial (and tentative) impressions regarding the issues raised by this motion, so as to explain its handling of these issues going forward.

This is a redistricting case filed by the Panola County branch of the NAACP against, *inter alia*, Panola County and associated political entities, based on demographic data gleaned from the 2010 U.S. Census. Redistricting based on new census data is an established part of the political process, at many different levels. Viewed in this light, many of the issues raised by the complaint in this case are ones which defendants would have presumably considered, on their

1

own volition, even without this lawsuit having been filed.

The complaint in this case alleges that, in light of demographic changes revealed in the 2010 census data, certain board of supervisor districts in Panola County now exceed the 10% deviation from "ideal" size which creates a *prima facie* case of discrimination under U.S. Supreme Court authority. *See Connor v. Finch*, 431 U.S. 407, 418, 97 S.Ct. 1828, 1835, 52 L.Ed.2d 465 (1977); *White v. Regester*, 412 U.S. 755, 764, 93 S.Ct. 2332, 2338, 37 L.Ed.2d 314 (1973); *Swann v. Adams*, 385 U.S. 440, 444, 87 S.Ct. 569, 572, 17 L.Ed.2d 501 (1967). Assuming that this contention is accurate, the court presumes that Panola County would wish to consider, on its own volition, whether some form of redistricting is called for in this case. If it elects not to do so, then it should be prepared to explain this decision to this court. Of course, the devil is in the details, and the court is well aware that the issue of redistricting is a highly contentious one politically. This court has no intention of getting involved in the substantive details of this political process, other than to ensure that the requirements of the law are followed. While plaintiffs may (or may not) be correct that redistricting is called for in this case, this by no means indicates that the law requires any such redistricting to be carried out in a manner which they would consider to be ideal.

The court sees no reason why the issues in this case can not be resolved, as part of the normal political process, in time for the 2011 Board of Supervisor elections this fall. The court stands ready to issue orders extending relevant deadlines to facilitate this process. At the same time, plaintiffs have yet to persuade this court that it should be eager to prejudge the substantive issues in this case in the context of a motion for TRO or preliminary injunction. Part of the court's skepticism on this issue arises from the fact that this case is merely one of several such

2

redistricting cases, containing very similar allegations, which were filed by different county branches of the NAACP at the same time. This raises doubts in this court's mind as to whether each of these cases truly represents a case in need of immediate injunctive relief, or whether they instead represent a more generalized effort to exercise political leverage throughout the state. As always, the truth may lie somewhere in between.

Regardless, the fact that the issues in this case arise from census data which only recently became available leads this court to conclude that the political process should be given a chance to work before this court considers intervening judicially. The court therefore declines to rule upon the motions for TRO or preliminary injunction at this time, but it does direct defendants to carefully consider the issues raised in this case and to proceed accordingly in light of the requirements of U.S. Supreme Court authority and applicable statutory provisions.[1] The parties are directed to keep the court informed regarding their progress in resolving these matters through the political process.

SO ORDERED, this the 7th of March, 2011.

/s/ Michael P. Mills
CHIEF JUDGE
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] These provisions include, but are not limited to, Section 2 of the Voting Rights Act, 42 U.S.C. § 1973(a).